United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **GRESLYN SARAI GALUE PARRA**,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. **1:26-cv-945** |
| **MARKWAYNE MULLIN,** in his official capacity, Secretary, U.S. Department of Homeland Security, *et al.*,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

**NOTICE AND ORDER**

Before the Court is Petitioner Greslyn Sarai Galue Parra's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("§ 2241 Petition"[1]). Dkt. No. 1. As discussed below, Galue Parra 's § 2241 Petition is deficient as filed; it does not list a proper respondent. *See generally id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923 2018, WL 5921017 at *4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian). The Court, then,

[1] Information obtained from Galue Parra's § 2241 Petition. *See* Dkt. No. 1. Gomez-Gomez's country of origin is Venezuela. Dkt No. 1 at 3. Galue Parra does not provide her A-number.

notes that the proper respondent is the custodial officer of the facility where Galue Parra is detained. *See Rumsfeld*, 542 U.S. at 435.

Here, Galue Parra lists "the Warden or Manager of the Port Isabel Detention Center" as the respondent. Dkt. No. 1 at 1. However, Galue Parra states that she is being detained at "the El Valle Detention Center in Raymondville, Willacy County." *Id*. at 2. Galue Parra's custodian would appear to be the warden of whichever facility she is currently located. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner). From her § 2241 Petition , it is unclear where Galue Parra is currently detained.

The Court has reviewed the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026). The Court views the Fifth Circuit's opinion as precluding claims based on the application of 8 U.S.C. §§ 1225 and 1226. The Court further views the Supreme Court's decision in *Demore v. Kim*, 538, U.S. 520 (2003) to preclude claims that detention pending removal proceedings without an individualized bond hearing violates the Fifth Amendment Due Process Clause. In her § 2241 Petition, Galue Parra fails to state under which statutory authority she is held during her removal proceedings.

Galue Parra is **ORDERED** to file an amended § 2241 Petition that names a

proper respondent as discussed above. Further, in her amended § 2241 Petition, Galue Parra shall inform the Court the statute under which she is being detained. Galue Parra shall file her amended § 2241 Petition **no later than September 10, 2026**.

Galue Parra is further **NOTIFIED** that if she fails to comply with the Court's Order, her case may be scheduled for dismissal. FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, F.3d 438, 440 (5th Cir. 2016) (the Court may sua sponte dismiss under Rule 41(b)).

**SO ORDERED.**

**SIGNED** on this **27th** day of **August, 2026,** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**